[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married at Haddam, Connecticut on August 10, 1990.
The marriage has broken down irretrievably. A dissolution of the marriage is hereby ordered.
There is one minor child born issue of the marriage, Robert Paul Broga, Jr. born November 12, 1991. The defendant also has a daughter, Crystal, age 12, from a prior marriage to Carl Monarca from December, 1981 to January, 1983. There are no other minor children. Neither party is presently receiving public assistance.
The plaintiff is 31 years old and is in good health. The defendant is 35 years old and is also in good health. Their son is now 2 1/2 years old and is reported to be in good health.
Until early 1993 the parties and their two children lived at 44 Cubles Drive, Niantic. After an incident of family violence a restraining order was issued against the plaintiff on February 16, 1993. The order was vacated and the parties stipulated on March 1, 1993 to joint custody of Robert Jr. and that the defendant would have exclusive possession of the residence. Since that date the plaintiff has been living with his parents at 93 Pattegansett Road in Niantic.
The court heard several witnesses presented by both sides and the parties themselves testified. Each blamed the other for the breakdown of the marriage. Both had drinking problems which on occasion resulted in violence toward the other. The marriage appears to have been a mismatch. They communicate poorly with each other. Each says the other parties' drinking caused their problems. The court finds the plaintiff the more credible witness and that the defendant was more responsible for the breakdown of the marriage than the plaintiff.
There is no question that both parties are good parents to the minor child. The present arrangements are that of CT Page 6064 joint custody with the plaintiff having primary physical custody in accordance with the March 1, 1993 stipulation. The defendant has reasonable visitation. In fact, each party has the child two days a week and alternate weekends Friday through Sunday. Plaintiff's mother cares for the child when he is working and a day care sitter minds the child when the defendant is working. All the witnesses agree that the child is healthy and happy under this arrangement.
Both parties are now working. The plaintiff is a truck driver for Broga Sons Fuel. His father owns the business and the plaintiff is vice president. He is his fathers only son. However, he is not an owner or share holder of the business. His net income is $517.00 per week. The defendant is employed as a bank teller at the Charter Oak Federal Credit Union. She nets $238.00 per week and also receives $75.00 per week support for her daughter from her former husband.
The parties are joint owners of 44 Cubles Drive, a private three bedroom home valued at $140,000, present mortgage $110,000, equity $30,000. The house was purchased with funds given to Robert Broga by his parents, two checks one for $28,000 and one for $3,350 payable to him and three other checks in the total amount of $7,875 payable to Caldwell Banker and Coastal Savings Bank for down payment and closing costs on the house.
The parties also own a 1993 Hyundai in the plaintiff's name and a 1991 Hyundai in the name of the plaintiff and the defendant. According to the financial affidavits there is no equity in either vehicle. The former is listed as worth $12,000 and the latter at $7,500 according to the plaintiff and $8,900 according to the defendant. Other assets consist of a 14 foot boat and trailer, value unknown and furniture.
The court will base its award upon the foregoing findings and in consideration of the criteria contained in Connecticut General Statutes § 46b-81 et seq. proposed orders suggested by the parties and Attorney Claire, counsel for the minor child.
1. Custody — The parties shall enjoy joint legal custody of the minor child.
Physical custody shall be exercised as follows: CT Page 6065
a. with defendant wife on Mondays and Tuesdays;
b. with plaintiff father on Wednesdays and Thursdays;
c. the parties shall alternate weekends (Friday through Sundays).
d. the parties shall share the child on major holidays, with each parent being with the child for a minimum of four (4) hours. Holidays are New Year's Day, Easter, Memorial Day, Fourth of July, Labor Day, Thanksgiving and Christmas.
e. the parties shall enjoy two weeks of uninterrupted vacation time per year, either consecutive or nonconsecutive at the vacationing parent's discretion, upon thirty (30) days notice to the other party.
f. The child shall be with the defendant wife on Mother's Day and on her birthday, and with the plaintiff husband on Father's Day and on his birthday. The parties shall alternate having the child on the child's birthday.
g. Holiday, vacation and birthday visitation shall take precedence over regularly scheduled visitation.
2. Support — The plaintiff shall pay $50.00 per week support for day care until the child begins school full time.
3. Alimony — Neither party shall pay alimony, lump sum or periodic to the other.
4. Property Settlement — The defendant shall quit claim any right, title or interest she may have in the property located at 44 Cubles Drive within thirty days from the date of this order. She may remain at the premises for forty-five days from the date of this order.
On the date she quit claims her interest in the premises the plaintiff shall pay the defendant $5,000 in full and final property settlement. CT Page 6066
5. Tax Exemption — The parties shall alternate claiming the minor child as a tax exemption on Federal and State taxes beginning with the plaintiff in 1994.
6. Medical Insurance — The husband shall maintain major medical insurance and dental coverage for the minor child. Any unreimbursed medical expenses shall be equally paid by the parties. The parties shall abide by the provisions of Connecticut General Statutes § 46b-84 (c) regarding health insurance: "At any time which orders are entered in a proceeding for dissolution of marriage, annulment, legal separation, custody, or support, whether before, at the time of or after entry of decree or judgment, if health insurance coverage for a minor child is ordered by the court to be maintained the court shall provide in the order of dissolution that (1) the signature of the custodial parent of the insured dependent shall constitute valid authorization of the insurer for purposes of processing an insurance reimbursement payment to the provider is the medical services or to the custodial parent, (2) neither parent shall prevent or interfere with the timely processing of any insurance reimbursement claim and (3) the insured parent shall promptly pay to the custodial parent any insurance reimbursement for the services of a medical provider paid by the custodial parent. For purposes of subdivision, (1) the custodial parent is responsible for providing the insurer with a certified copy of the order of dissolution or other order requiring maintenance of insurance for a minor child. Such insurer may thereafter rely on such order and is not responsible for inquiring as to the legal sufficiency of the order. The custodial parent shall be responsible for providing the insurer with a certified copy of the original order with the respect to the maintenance of insurance reimbursement claim signed by the custodial parent, such insurer shall reimburse the provider of the medical services, if payment is to be made to such provider under the policy, or shall otherwise reimburse the custodial parent.
7. Automobiles — The plaintiff shall have sole ownership and possession of the 1993 Hyundai and assume all indebtedness related thereto. The wife shall have sole ownership and possession of the 1991 Hyundai and assume all indebtedness related thereto. Each shall hold the other harmless for debts related to the vehicle awarded to them. CT Page 6067
8. Personal Property/Furniture — The defendant shall be awarded the furniture and personal property purchased by her mother. The rest of the furniture including the plaintiff's television and stand, VCR and stereo and the deck furniture shall be awarded to the plaintiff. Any dispute regarding personal property not resolved by the parties is to be resolved by arbitration.
9. Counsel Fees — Each party shall pay one half of the fees of Attorney Claire, counsel for the minor child, in the amount of $810.00 each.
Each party shall pay their own attorneys fees.
Hurley, J.